IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LORI NEVELOS,

       Plaintiff,

v.                                                    CIV 16-0723 KBM

NANCY A BERRYHILL,
Acting Commissioner of Social Security,[1]

       Defendant.

# **ORDER OF DISMISSAL**

THIS MATTER is before the Court *sua sponte* to consider Plaintiff's failure to respond to the Court's March 24, 2017 Order, which required Plaintiff to serve her Motion to Reverse and Remand no later than March 31, 2017.  *See Doc. 21*. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Doc. 8*.

On February 16, 2017, Plaintiff's counsel filed a Motion to Withdraw as Attorney for Plaintiff.  *Doc. 19*. Plaintiff was given notice that she was required to file objections to that motion, if any, within fourteen days of its filing.  *See id.* She did not, however, file any such objections.  Given the lack of opposition, the Court granted counsel's motion to withdraw on March 10, 2017, deeming Plaintiff to be proceeding *pro se* and requiring the Clerk to modify her address of record and to mail her a copy of the Court's Guide for *Pro Se* Litigants. *Doc. 20*. The Court gave Plaintiff until March 20, 2017, to serve her Motion to Reverse and Remand.  *Id.* Additionally, the Court cautioned Plaintiff that failure

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is therefore substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

to comply with the Court's orders could result in the imposition of sanctions, including dismissal of her case. *Id.*

On March 24, 2017, the Court *sua sponte* extended the time for filing of Plaintiff's Motion to Reverse and Remand and cautioned her that failure to file such motion by that date would likely result in dismissal of her case for failure to prosecute. *Doc. 21*. To date, Plaintiff has not filed a Motion to Reverse and Remand, nor has she provided any justification to the Court for her failure to do so.

This Court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or for failure to comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Here, Plaintiff has failed to comply with the Court's order that she file her Motion to Reverse and Remand by March 31, 2017, and she has likewise failed to prosecute her case in any manner following the withdrawal of her counsel. Plaintiff's "*pro se* status does not relieve [her] from complying with the court's procedural requirements." *See Barnes v. United States*, 173 F. App'x 695, 697, (10th Cir. 2006) (unpublished); *Santistevan v. Colo. Sch. of Mines*, 150 F. App'x. 927, 931 (10th Cir. 2005) (unpublished).

Ultimately, the Court finds that dismissal is warranted in this case. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (outlining factors to consider in dismissing a case). Defendant will suffer prejudice and the judicial process will be stymied if the case proceeds with no Motion to Reverse and Remand from Plaintiff. Plaintiff has offered no explanation for her failure to file such a motion, but, more importantly, has not asked for an extension of time or otherwise indicated that she

has any intention of filing such a motion. The Court warned Plaintiff that her case may be dismissed for failure to prosecute her claim; yet, she has failed to prosecute her case or abide by the Court's deadlines. Finally, the Court finds that lesser sanctions would not be effective in this situation.

**IT THEREFORE ORDERED** that this action is **dismissed for lack of prosecution.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent